IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:16-cv-01113 |
| v. | ) ) | C O M P L A I N T |
| GRANITE MESA HEALTH CENTER LTD., GRANITE MESA HEALTH CENTER GP, INC., ASISTA CORPORATON, LEGEND HEALTHCARE, LLC, LEGEND OAKS - GRANITE MESA, LLC, THE ENSIGN GROUP, INC., AND COPELAND HEALTHCARE, INC., | ) ) ) ) ) ) ) ) | JURY TRIAL DEMAND |
| Defendants. | ) | |

## NATURE OF THE ACTION

This is an action under Titles I and V of the Americans with Disabilities Act of 1990 as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and retaliation, and to provide appropriate relief to Michael Janssen ("Janssen"). As alleged below in greater detail, the U.S. Equal Employment Opportunity Commission ("EEOC" or "the Commission") alleges that Granite Mesa Health Center Ltd., Granite Mesa Health Center GP Inc., and Asista Corporation, unlawfully required a medical examination and thereafter terminated Mr. Janssen because of his disability, testing positive for Human Immunodeficiency Virus (HIV). Furthermore, Granite Mesa Health Center Ltd., Granite Mesa Health Center GP Inc., and Asista Corporation discharged Mr. Janssen in retaliation for asserting his rights under the ADA by his requesting a copy of the written HIV test policy to review before deciding to submit his

HIV test results. The EEOC further alleges that Legend Healthcare, LLC, Legend Oaks - Granite Mesa, LLC, and The Ensign Group, Inc. and Copeland Healthcare, Inc. are also liable for these violations of the ADA as successors.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503 (c) of the ADA, 42 U.S.C. §12117(a) and §12203(c), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Granite Mesa Health Center Ltd. has continuously been a Texas limited partnership, doing business in the State of Texas and the City of Marble Falls, and has continuously had at least 15 employees.

5. At all relevant times, Granite Mesa Health Center GP Inc. has continuously been a Texas corporation, doing business in the State of Texas and the City of Austin, and has continuously had at least 15 employees.

6. At all relevant times, Asista Corporation has continuously been a Delaware corporation, doing business in the State of Texas and the City of Austin, and has continuously had at least 15 employees.

7. At all relevant times, Legend Healthcare, LLC has continuously been a Texas Limited Liability Company, doing business in the State of Texas and the City of Marble Falls, and has continuously had at least 15 employees.

8. At all relevant times, Legend Oaks - Granite Mesa, LLC has continuously been a Texas limited liability company, doing business in the State of Texas and the City of Marble Falls, and has continuously had at least 15 employees.

9. At all relevant times, The Ensign Group, Inc. has continuously been a Delaware corporation, doing business in the State of Texas and the City of Marble Falls, and has continuously had at least 15 employees.

10. At all relevant times, Copeland Healthcare, Inc. has continuously been a Nevada corporation, doing business in the State of Texas and the City of Marble Falls, and has continuously had at least 15 employees.

11. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

12. At all relevant times, Defendants have been covered entities under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

**ADMINISTRATIVE PROCEDURES**

13. More than thirty days prior to the institution of this lawsuit, Mr. Janssen filed charges with the Commission alleging violations of the ADA by Defendants (except successors The Ensign Group, Inc. and Copeland Healthcare, Inc.).

14. On August 14, 2015, after conducting an investigation of the allegations set out in Mr. Janssen's charge, the Commission issued to Defendants (except successors The Ensign Group, Inc. and Copeland Healthcare, Inc.) Letters of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

15. The Commission engaged in communications with Defendants (except successors The Ensign Group, Inc. and Copeland Healthcare, Inc.) to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination but all Defendants declined in writing to conciliate this case.

16. The Commission issued to Defendants (except successors The Ensign Group, Inc. and Copeland Healthcare, Inc.) Notices of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

18. Since at least September of 2013, Granite Mesa Health Center Ltd., Granite Mesa Health Center GP Inc., and Asista Corporation (hereinafter collectively referred as "Granite Mesa") engaged in unlawful employment practices at the nursing facility in Marble Falls, Texas,

in violation Section 102 of Title I of the ADA, 42 U.S.C. § 12112 *et seq*. These practices include the following:

    (a)    On or about September 18, 2013, in violation of Section 102 (d)(4)(A) of the ADA, 42 U.S.C. § 12112 (d)(4)(A), Granite Mesa required a medical examination and made inquiries of Michael Janssen as to the nature or severity of his disability, being HIV positive;

    (b)    Mr. Janssen was suspended, sent home and not allowed to work again until he had provided his employer blood lab test results;

    (c)    On or about September 19, 2013, Mr. Janssen called and asked to review the Granite Mesa policy relating to the required medical examination and disability inquiry before deciding to submit his test results; and,

    (d)    On September 19, 2013, Granite Mesa discharged Michael Janssen, in violation of Section 102 (a) and (b) of the ADA, 42 U.S.C. § 12112 (a) and (b), because of his actual and/or perceived disability due to HIV.

19.    Since at least September of 2013, Granite Mesa engaged in unlawful employment practices at the nursing facility in Marble Falls, Texas, in violation Section 503 of Title I of the ADA, 42 U.S.C. § 12202. These practices include the following:

    (a)    Mr. Janssen asked for Granite Mesa's written policy about HIV test results; and

    (b)    Mr. Janssen was terminated because he did not submit his HIV test results and requested Granite Mesa's written policy about HIV test results.

20.    Mr. Janssen is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Michael Janssen was employed with Granite Mesa as a Certified Nursing Assistant (CNA) and his job duties did not involve exposure – prone procedures. At all relevant times, Mr. Janssen was qualified to perform the essential functions of his job.

21.    Mr. Janssen is an individual living with an HIV positive diagnosis, a physical impairment that substantially limits him in having a functioning immune system.

22.    Granite Mesa suspended Mr. Janssen's employment on September 18, 2013 shortly after Mr. Janssen disclosed he was HIV positive to the Granite Mesa Director of Nursing.

23. Granite Mesa prohibited Mr. Janssen from returning to work based upon a purported "company policy," which required Mr. Janssen to provide blood test results proving his HIV status and documenting his CD4 cell count and viral load. Such medical examination or inquiry is neither job - related nor consistent with business necessity given Mr. Janssen's job duties.

24. The following day, September 19, 2013, Mr. Janssen was summarily discharged when he requested a copy of Granite Mesa's "company policy" requiring him to submit such medical documentation.

25. The effect of the practices complained of above has been to deprive Mr. Janssen of equal employment opportunities and to otherwise adversely affect his status as an employee because of his disability.

26. The unlawful employment practices complained of in paragraphs 18 through 24 above were and are intentional.

27. The unlawful employment practices complained of in paragraphs 18 through 24 above were done with malice or reckless indifference to the federally protected rights of Michael Janssen.

28. When Mr. Janssen was employed up to September of 2013, at the nursing facility in Marble Falls, Texas it was owned by "Granite Mesa Health Center, Ltd." ("Granite Ltd.").

29. Granite Ltd. was a limited partnership with Granite Mesa Health Center GP, Ltd. and Asista Corporation as its general partners. All three of these entities constituted an integrated enterprise and/or joint employer.

30. On September 23, 2013, a new company called Legend Oaks - Granite Mesa, LLC ("Legend Oaks") was created and registered by Legend Healthcare, LLC, ("Legend").

31. On December 3, 2013, Legend Oaks purchased the Marble Falls, Texas nursing facility from Granite Ltd. and began operating the facility in Marble Falls, Texas. Both Legend Oaks and Legend are liable for the ADA violations set forth in this Complaint as successors in interest.

32. On April 6, 2016, the Marble Falls, Texas nursing facility was sold again, by Legend to The Ensign Group, Inc. and Copeland Healthcare, Inc. which continues to operate the facility in Marble Falls, Texas. The Ensign Group, Inc. and Copeland Healthcare, Inc. are liable for the ADA violations set forth in this Complaint as a successors in interest.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully request that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against any qualified employees, because of their disability, from: (1) basing any termination decision on an employee's disability status; and (2) engaging in any other employment practice which discriminates on the basis of disability;

B. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in reprisal or retaliation against any person because such person engaged in protected activity under the ADA.

C. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

  D. Order Defendants to make whole Mr. Janssen, by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Mr. Janssen;

  E. Order Defendants to make whole Mr. Janssen, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 18 through 24 above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

  F. Order Defendants to make whole Mr. Janssen, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 18 through 24 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

  G. Order Defendants to pay Mr. Janssen punitive damages for engaging in discriminatory practices with malice or reckless indifference to Mr. Janssen's federally protected rights, as described in paragraphs 18 through 24 above, in an amount to be determined at trial;

  H. Grant such further relief as the Court deems necessary and proper in the public interest; and

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues of fact raised by its Complaint.

           Respectfully submitted,

           P. DAVID LOPEZ
           General Counsel

           JAMES L. LEE

Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Patrick M. Connor
by permission of Robert A. Canino
_____

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782


/s/ Patrick M. Connor
by permission of Edward Juarez
_____

EDWARD JUAREZ
Supervisory Trial Attorney
Texas State Bar No. 24014498


/s/ Patrick M. Connor
_____

PATRICK M. CONNOR
Senior Trial Attorney
Texas State Bar No. 24076165
E-mail: patrick.connor@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone:     (210) 281-7636
Facsimile:      (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**